LOTTINGER, Judge.
This is a suit filed by Dewey Lirette, petitioner, against Boh Bros. Construction Company, Inc. for workmen’s compensation benefits when petitioner was allegedly totally and permanently incapacitated as a result of an accident while working for the defendant.
The defendant filed a general denial. The Lower Court awarded judgment in favor of the defendant and dismissed the petitioner’s suit. The petitioner has taken an appeal.
The petitioner alleges that he received total and permanent disability as a result of a heart attack which occurred on December 30, 1960 while he was employed on the job for Boh Bros. Construction Co., Inc. He claims that at the time of the alleged accident he was setting large wooden forms for the pouring of concrete *406 pillars, said work requiring the bolting, setting and lifting of certain materials of a substantial weight, some 45 or 50 pounds. Petitioner alleges that as he was carrying one of these forms without any help, a severe pain struck him in the chest, upon which he dropped said material and sat down immediately.
Petitioner was subsequently taken to the Terrebonne General Hospital and his condition was diagnosed as coronary thrombosis, and there is no question but that he is not now able to do the type of work which he was doing at the time of the alleged accident.
The defendant, on the other hand, claims that there was no accident in question, but that the heart attack which was suffered by the petitioner had no causal connection whatsoever with petitioner’s employment with defendant. The Lower Court held that the work of the petitioner had nothing whatsoever to do with the heart condition of the petitioner, and dismissed petitioner’s suit. The petitioner introduced three lay witnesses in support of his allegations that he was carrying heavy equipment when seized with his heart attack. These witnesses, however, added nothing to the case for petitioner, as it was shown on cross examination that neither of them were looking at petitioner nor were they anywhere near petitioner at the time of his heart seizure. On the other hand, Harry Savoie, who testified on behalf of the defendant, stated that at the time petitioner began to complain of chest pains he was helping them put in spreaders. A spreader is a very small and light object which is bolted to the frames, and the consensus of the testimony was to the effect that the placing or attachment of these spreaders would cause no exertion. The lay witnesses who testified on behalf of the defendant all testified to the effect that earlier in the day they, as well as petitioner, had placed forms as alleged by petitioner but that they had finished the placement of the forms at about noon. The alleged accident occurred at approximately 3 :00 o’clock in the afternoon, some two hours after the heavy work had been completed. Two doctors testified upon the trial of the matter, one was Dr. Wally J. Picou, who testified on behalf of petitioner, and the other was Dr. Samuel B. Madler, who testified on behalf of defendant.
Dr. Picou, a general practitioner, testified that petitioner had a coronary thrombosis and is unable to do heavy work. He testified that if petitioner was handling a heavy form by himself at the time of the seizure, this exertion could have brought about a heart attack, however, he stated that the heart attack could have happened just as well at home while at rest as well as on the job.
Dr. Sam Madler, a specialist in internal medicine, testified and drew a diagram showing that the heart attack suffered by petitioner was the natural outcome of a disease process. He testified that in his opinion the work had nothing whatsoever to do with the onset of the coronary thrombosis, that the disease is based primarily on a disorder in which changes take place during the course of years.
We believe the evidence submitted in the case that the heart attack suffered by petitioner was in no way connected with his work as a carpenter. The record discloses that although at times petitioner was required to lift heavy forms, for some period of time prior to his heart attack, he had been performing what is considered light labor. The medical testimony is to the effect that the attack could have taken place just as easily at home as while at work. In Quibodeaux v. Sline Industrial Painters, La.App., 109 So.2d 282, we said “ * * * before an accident can be established, it must be shown that there was a causal connection between the employment activity and the resulting injury or death, and the jurisprudence is to the effect unless some specific act resulting in injury or death can be shown, or unless it can be shown that the nature of the *407 work itself was sufficiently strenuous, or the nature of the work, plus the conditions under which it was done, to cause injury or death, then no causal connection could be deemed established.”
We find no error in the decision of the Lower Court and for the reasons here-inabove assigned the judgment below will be affirmed. All costs of this appeal shall be paid by petitioner.
Judgment affirmed.